**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PAULA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 02-1231-DRH |
| | ) | |
| LELAND CHERRY and JAMES MISTER, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

The Court has scheduled a hearing to resolve the only remaining issue in this case, the question of sanctions.  The underlying litigation has settled, and the case was dismissed with prejudice on January 20, 2006, with the right to reopen if settlement is not consummated in 60 days (*see* Doc. 70).  Nothing was filed to reopen the case.

A detailed background of the sanctions issue is set forth in the Seventh Circuit's opinion. *See Johnson v. Cherry*, 422 F.3d 540 (7th Cir. 2005).  In a nutshell, the question is whether attorney Clinite (who once represented Plaintiff Paula Johnson) instructed her former client how to file documents electronically and whether Clinite signed a motion to withdraw that was filed in August 2004.  This Court must also determine whether Clinite should be ordered to turn over Johnson's file to Johnson's new counsel.

In preparation for the March 27 hearing, the Court sent an email to attorney Clinite requesting an exhibit list.  Attorney Clinite responded by voice mail and later a facsimile letter advising the Court that she does not "have email for sending documents."  A copy of that letter is

attached to this Order.[1]  Clinite is a licensed, practicing attorney, yet she now seeks to proceed as if she is *pro se* and file documents manually.

The Court notes that Clinite's problems in front of Judge Herndon arose when she was trying to file documents electronically in accordance with the Court's Case Management/Electronic Case Filing ("CM/ECF") system.  Clinite is generally admitted to this Court; her appearance in this case was not by virtue of a *pro hac vice* admission, and thus, the Court expects that she will have cases in the future in this district court.

As the Seventh Circuit noted in its opinion, "a court has the inherent authority to impose sanctions for actions taken 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Johnson*, 422 F.3d at 548-49, (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  As Chief Judge, the undersigned is charged with the responsibility of disciplining lawyers who appear in the district court.

After careful consideration, the Court finds that it is unnecessary to spend hours of its time, counsel's time, and the litigants' time resolving the issue of whether Johnson instructed her client how to file documents electronically and whether she signed or didn't sign a certain pleading almost two years ago.  Instead, it is apparent that attorney Clinite is not properly equipped to practice law in this district under the current CM/ECF system.  It is the Court's inclination to simply suspend Clinite from the practice of law in this district court until she can show that she has a valid personal or professional email address to send and receive court documents, that she has taken a training course on the CM/ECF system, and that she has the equipment, knowledge, and the ability to file documents electronically.

---

[1]The Court notes that the letter bears the wrong case name and the wrong case number.

Accordingly, the March 27 hearing is **CANCELED**.  Attorney Clinite shall **SHOW CAUSE** in writing, on or before **April 21, 2006**, why she should not be suspended indefinitely from the practice of law in the Southern District of Illinois.  Clinite's response shall be filed electronically; the Court's usual prohibition of *pro se* litigants filing documents electronically is lifted.  The motion to compel production of documents at the March 27 hearing (Doc. 75) is **DENIED as moot**.

The Court finds no other sanctions appropriate at this time.

Finally, it appears to the undersigned that the issue concerning the release of Johnson's file has been rendered moot by the settlement of the underlying litigation.  As the Seventh Circuit recognized in its opinion, Clinite has a retaining lien that entitles her to retain Johnson's file until she is paid.  *See Johnson*, 422 F.3d at 554.  Now that the underlying litigation has settled, Clinite is pursuing her charging lien by way of a petition for *quantum meruit* attorney's fees and costs (*see* Doc. 77).  Clinite's motion is pending before District Judge Herndon.  While it is doubtful that Johnson's new attorney still needs the file, it is certain that in light of the Seventh Circuit's opinion, Clinite is entitled to retain the file until her claim for fees and expenses has been satisfied.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff Paula Johnson at 715 N. 24th Street, East St. Louis, Illinois 62205, attorney Jeffrey Hammel, and his attorney, Jack Carey, via first-class mail, return-receipt requested to their addresses of record.

**IT IS SO ORDERED.**

DATED:  03/21/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge